### JAMES C. ALLEN, JR. V. STATE

No. 25702. February 6, 1952.

Hon. Frank Williford, Jr., Judge Presiding.

*John M. Pennington,* Houston, for appellant.

*Sam W. Davis,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This a conviction for the nighttime burglary of the private residence of Arthur Alkire with intent to commit the crime of rape by force upon Charlotte Alkire, a woman, then in the residence.

Arthur Alkire and Charlotte Alkire, his wife, together with their two-year-old son, occupied and actually used as their place of residence apartment #2 of an eight-unit apartment house. About 2:30 o'clock on the morning of June 29, 1951, Charlotte Alkire was awakened by a man lying on top of her. What then happened is best shown by quoting from her testimony, as follows:

". . . I said, who is this, what are you doing, and he said, be quiet, don't say anything and you won't get hurt, and I tried to push him up off of me and I didn't notice my baby in bed, and I said, where is my baby, and he said, your baby is all right, and I said, I got to get my baby. I said, let me get my baby and put him in bed, and he said, all right, and I got up out of bed and found the baby lying at the foot of the bed on the floor where the man placed him."

Mrs. Alkire made her way out of the room and to the apartment occupied by the Underwoods, which was next door to her apartment. While she was knocking on the door of the Underwood apartment she saw the man pass along the hall. She then made her way upstairs to the McAndrews' apartment, where she called a girl friend and the police. About ten days after this occurrence, Mrs. Alkire saw the appellant passing between the apartment building in which she lived and the building next to it. She immediately recognized him as the man who had broken into her apartment. The police were notified, and appellant was subsequently arrested. The evidence showed that the apartment had been entered through a window from which the screen had been removed.

Upon the trial of the case Mrs. Alkire positively identified appellant as the guilty party.

Appellant did not testify as a witness in his own behalf. His wife and mother-in-law testified to the defense of alibi, and to the effect that he was at home at the time the alleged offense was committed.

The sole question here presented is the sufficiency of the evidence to support the conviction upon the propostion that the evidence fails to reflect appellant's intent to commit the crime of rape by force and without consent.

In this connection, appellant lays great stress upon the fact that he made no effort, after having been discovered, to commit the crime of rape by force but permitted the witness to leave the room and escape without interference on his part. Also the absence of any statement on the part of appellant that he intended to engage in an act of sexual intercourse by force and without the consent of the prosecutrix is pointed out. As supporting his contention that the facts are insufficient to support the conviction, appellant cites: Roberts v. State, 136 Tex. Cr. R. 138, 124 S. W. 2d 128; Sanchez v. State, 143 Tex. Cr. R. 345, 158 S. W. 2d 801; Cotton v. State, 52 Tex. Cr. R. 55, 105 S. W. 185; and Mason v. State, 47 Tex. Cr. R. 403, 83 S. W. 689.

We are unable to agree with appellant that said cases authorize the conclusion that the instant facts are insufficient to support the conviction. To the contrary, the opinion is expressed that the facts set forth in Casa v. State, 127 Tex. Cr. R. 607, 78 S. W. 2d 962, warrant and justify the conclusion that the instant facts are sufficient to support the conviction.

Accordingly, the judgment is affirmed.

Opinion approved by the court.