**Curtis Howard HAMLIN, III, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–115–CR.**

Court of Appeals of Texas,
Fort Worth.

April 21, 1982.

William L. Smith, Jr., Denton, for appellant.

Jerry Cobb, Dist. Atty. and Freddie Dean Marsh, Asst. Dist. Atty., Denton, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from conviction for theft of an automobile having a value of more than $200.00 and less than $10,000.00. V.T.C.A. Penal Code § 31.03(d)(4).

Punishment was assessed at life imprisonment upon the jury finding the enhancement counts of the indictment, alleging two prior felony convictions, to be true.

We affirm.

The vehicle was stolen in Texas, and was in appellant's possession when he was arrested in Eustis, Florida.

Appellant's first ground of error attacks the admission into evidence of a photocopy of his answers to a written *Miranda* warning given upon his arrest. He argues the photocopy is not best evidence.

At trial, the State's witnesses included the Florida police officer who made the arrest, gave the *Miranda* warning, and

wrote appellant's answers on a memorandum, which appellant then signed.

The officer's testimony identified the copy of the memorandum and qualified it as a copy of a business record of the City of Eustis, Florida, which he had prepared in the regular course of his duty.

Appellant relied only upon the defense of insanity at the time of the offense. The defense witness was a court-appointed psychiatrist who examined appellant after his arrest.

The jury found appellant was sane at the time of the offense.

On cross-examination of the psychiatrist, the prosecutor used the appellant's answers to the *Miranda* questions to discredit the psychiatrist's previously expressed opinion that the appellant had suffered mental disorder known as "fugue".

Appellant complains that such use of a photocopy that is not best evidence erroneously prejudiced his defense.

■ However, the Florida police officer had testified previously as to (a) each *Miranda* question he had asked appellant, (b) each answer the appellant gave, and (c) appellant's contemporaneous responses to inquiries about his name, address, date and place of birth, extent of education, and the name and address of his parents.

There was no objection to that testimony.

Therefore, the appellant's responses to the *Miranda* questions, and all of the data contained in the memorandum, were already before the jury.

Even if a photocopy of those responses in writing was not best evidence, its admission would be harmless error, for it added nothing to the previous testimony. *Wilder v. State*, 583 S.W.2d 349 (Tex.Cr.App.1979); *Lassere v. State*, 458 S.W.2d 81 (Tex.Cr. App.1970).

Appellant's first ground of error is overruled.

Appellant also complains that the prosecutor was outside the record when he argued to the jury that the appellant had lied to and withheld information from his psychiatrist.

Appellant's timely objection and request for instruction to disregard were granted.

His motion for mistrial was denied, which appellant urges as his second ground of error.

■ In argument to the jury, it is permissible for counsel to draw all reasonable, fair and legitimate inferences from the facts in evidence. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977).

■ The Florida police officer had testified that when arrested, appellant told him he had stolen the vehicle, but was returning it to Texas, to turn himself in.

On direct examination, the psychiatrist had testified that, based upon his examination, the appellant manifested problems of memory and symptoms of "fugue", a mental condition in which a person would be incapable of conforming his conduct to requirements of law and would not likely remember having committed a theft.

On cross-examination, the psychiatrist testified that if he earlier had known the answers appellant gave the police officer at the time of the *Miranda* warning, he would have concluded appellant was acting consciously and not in a state of "fugue."

We conclude that the prosecutor's argument that appellant was lying to the psychiatrist was within the bounds of reasonable argument based upon the facts in evidence.

Appellant's second ground of error is overruled.

The third ground of error asserted is that the trial court's charge to the jury on punishment was fundamentally defective, because it did not require the jury to find that the second of two alleged prior convictions was final.

The first enhancement count alleged a prior conviction. The second enhancement count alleged it to be final and set forth a second prior conviction which it failed to describe as final.

At the punishment stage of trial, a Denton, Texas, police officer testified.

He identified appellant's "pen packets," records of the Texas Department of Corrections, tied them to appellant through fingerprint comparison, and read to the jury the contents of the packets, including the judgment and sentence of the courts in each of the prior convictions.

The pen packets and their certified contents were admitted into evidence.

■ If a prior conviction has been shown, the burden is on the defense to show that it was not final. *Williams v. State*, 596 S.W.2d 862 (Tex.Cr.App.1980); *Gardner v. State*, 486 S.W.2d 805 (Tex.Cr.App.1972); *Reed v. State*, 481 S.W.2d 128 (Tex.Cr.App. 1972).

Appellant made no such showing.

■ We hold that the trial court's charge was not fundamentally defective, and the prior convictions were proven for purposes of enhancement of punishment. *Thornton v. State*, 576 S.W.2d 407 (Tex.Cr.App.1979).

The third ground of error is overruled.

Appellant has filed a *pro se* brief in addition to the brief filed by his counsel.

■ There is no right to hybrid representation, and the *pro se* brief therefore presents nothing for review. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981).

Judgment is affirmed.