James Alan ZAPATA, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0097–CR.

Court of Appeals of Texas,
Tyler.

Dec. 30, 1982.

William M. Laubach, Pasadena, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

McKAY, Justice.

This appeal is from a conviction for burglary with intent to commit rape. Upon a jury finding of guilt, the court assessed punishment, enhanced, at 45 years' confinement.

In his first ground of error, appellant contends the trial court erred reversibly in failing to sustain appellant's motion to suppress evidence of a line-up identification, alleging "the identification process was unconstitutional." We overrule this ground.

The identification process complained of developed as follows. When police officers arrived at complainant's apartment about five minutes after her assailant had escaped, she gave a general description of her attacker as a white male with dark hair extending past his shoulders and a full beard and mustache, wearing blue jeans and an army-green jacket. The next day, Officer Lancaster came to the apartment complex to investigate the crime. Appellant worked as a maintenance man for the complex and was cleaning the swimming pool at the time. Officer Lancaster approached appellant, advised him that he matched the description given to her in connection with a burglary, and asked if he would come to the police station to be photographed. Appellant complied voluntarily, and after he was questioned and photographed, all with appellant's consent, he left the police station.

Later that day, Officer Lancaster showed the prosecutrix a group of photographs containing the one taken earlier that day of appellant. The photos were shuffled and each pictured a man who fit the general description given by the complainant. She selected the photo of appellant, stating that he was the man who had attacked her, except the man in the photo had his hair pulled back in a pony tail and his beard was shorter than she remembered. The record reflects no suggestiveness of any sort by the police that the complainant pick out this particular photo. Furthermore, appellant testified that on the day he was photographed he had trimmed his beard, but did not shave it entirely because he did not want to be accused of trying to change his appearance.

Based on this tentative identification, Officer Lancaster attempted to contact appellant to persuade him to come in for a lineup. Appellant refused and was arrested two weeks later on an unrelated outstanding warrant when he fell through the ceiling of his brother's home, aborting his attempt to hide from officers searching the house for him. That same day he was placed in a lineup with four or five men of similar description. Upon viewing the men, who were all facing the wall at first, the complainant immediately identified appellant from the back, and reconfirmed her identification when he turned and faced her. Again, the record reflects no suggestion of any sort by the police as to which man they suspected.

While in custody prior to the lineup, appellant requested that his attorney be present during the lineup. However, numerous attempts to contact his attorney proved fruitless, and the lineup was finally conducted in absence of counsel. It is undisputed that at the time of the lineup appellant had not been indicted, arraigned, or otherwise formally charged.

These facts were fully developed at the pretrial hearing on appellant's motion to suppress. The trial court overruled said motion, making a finding of fact that there was nothing suggestive in either the photographic or lineup identifications.

■ Appellant first relies upon *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and *Martinez v. State,* 437 S.W.2d 842 (Tex.Cr.App.1969) to support his contention that the identification process was "unconstitutional." Reliance on these cases, under the facts of the case at bar, is misplaced. It must be noted that the lineup in the instant case took place *before* the initiation of judicial criminal proceedings. The presence of counsel is not required until "at or after the initiation of adversary judicial proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972); *Banks v. State,* 530 S.W.2d 940, 942 (Tex.Cr.App.1975). The lineup was therefore not per se illegal for lack of counsel.

Nevertheless, the confrontation may, under the totality of the circumstances, have been so unnecessarily suggestive and conducive to irreparable misidentification as to deny appellant due process of law. *Stovall v. Denno,* 388 U.S. 293, 301–2, 87 S.Ct. 1967,

1972, 18 L.Ed.2d 1199 (1967); *Banks, supra* at 942. Although not raised in appellant's brief, we have reviewed the record in the interests of justice to determine whether such due process violation occurred. We conclude that it did not.

■ At the conclusion of appellant's pretrial hearing on this matter, the trial court properly made findings of fact thereon, one of which stated that the court found nothing suggestive in either the photographic lineups or the physical lineup itself. Upon our review of the record we find ample support for this finding. In addition to the facts set out above in this opinion, we note that, prior to the identifications, the prosecutrix was told only that the police had a suspect and that she was to identify, if she could, "the man who attacked her." At no time was any suggestion made as to which person she was to identify, or that any particular one of the subjects viewed was the one suspected by the police of committing the offense. The prosecutrix had ample opportunity to view her attacker in her lighted bedroom for about five minutes, and her in-court identification of him was based solely upon her observation of him at the time of the offense. Appellant's first ground is overruled.

■ In his second ground of error, appellant contends the evidence was insufficient to prove the burglary was committed with intent to commit rape. We overrule this ground.

The prosecutrix testified that she awoke around 1:00 a.m. to find appellant standing over her bed. He told her to roll over, and when she complied appellant "came at [her] with a knife in the stomach." She grabbed the knife to deflect it and cut her hand. She then slid out of bed and attempted to get to the bathroom to lock herself inside. Appellant met her at the end of the bed and a fierce struggle ensued, during which her nightgown was torn and her panties were ripped off. Appellant then inserted his finger in her rectum, at which point she screamed as loudly as she could and appellant then fled. At some point during the struggle she received a cut on her neck

from appellant's knife, and appellant stated at various times that he was going to hurt her and that he was going to kill her. Appellant offered no evidence that his entry was made with any other intent.

When sufficiency of the evidence is challenged, the court must view the evidence in the light most favorable to the verdict. *Garza v. State,* 622 S.W.2d 85, 90 (Tex.Cr. App.1981, on motion for rehearing). As stated in *Stearn v. State,* 571 S.W.2d 177 (Tex.Cr.App.1978): "It is well settled in this State that the question of the intent with which a person unlawfully enters a habitation is a fact question for the jury to be drawn from the surrounding circumstances." We hold that the evidence presented to the jury here was sufficient to warrant their finding that appellant entered the apartment with the specific intent to rape the complainant. See *Ford v. State,* 632 S.W.2d 151, 153 (Tex.Cr.App.1982); *Prescott v. State,* 610 S.W.2d 760, 761–2 (Tex.Cr. App.1981); *Morrow v. State,* 396 S.W.2d 386, 388 (Tex.Cr.App.1965); *Allen v. State,* 156 Tex.Cr.R. 620, 245 S.W.2d 707, 708 (Tex. Cr.App.1952). Appellant's second ground is overruled.

■ Lastly, appellant asserts error by the trial court in overruling his motions for mistrial urged after "the prosecutor elicited inflammatory and prejudicial statements from the witnesses." Under this ground appellant argues that the "cumulative effect" of at least six instances of alleged misconduct contributed to the verdict of guilty. This ground presents nothing for review. When multiple portions of testimony or argument or multiple acts are challenged under a single ground of error, the requirements of art. 40.09, V.A.C.C.P., are not satisfied, and nothing is presented for review. *Choice v. State,* 628 S.W.2d 475, 478–9 (Tex.App.—Texarkana 1982, no pet.); *Love v. State,* 533 S.W.2d 6, 12 (Tex.Cr.App. 1976); *Stein v. State,* 514 S.W.2d 927, 931 (Tex.Cr.App.1974). Additionally, we have reviewed the actions of which complaint is made and find no reversible error. Appellant's third ground is overruled.

■ Prompted perhaps by the filing of a pro se brief by appellant, counsel for appellant has filed a supplemental brief in this cause advancing an additional ground of error. These instruments present nothing for review. With regard to appellant's pro se brief, we note that appellant was represented by counsel who filed a brief in this case. Since there is no right to hybrid representation, appellant's pro se brief presents nothing for review. *Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Cr.App. 1981); *Hamlin v. State,* 632 S.W.2d 203, 206 (Tex.App.—Fort Worth 1982, no pet.).

■ As to the supplemental brief filed by appellant's counsel, we note that it raises a new ground of error not raised in the original brief. Grounds of error raised for the first time in a supplemental brief and not raised in the original brief are not properly before this court for review. *Coleman v. State,* 632 S.W.2d 616, 619 (Tex.Cr.App. 1982); *Wesley v. State,* 548 S.W.2d 37, 38 (Tex.Cr.App.1977); *Kalmbach v. State,* 481 S.W.2d 151, 155 (Tex.Cr.App.1972).

■ Despite the foregoing, we have reviewed the contentions advanced in the aforementioned instruments in the interests of justice. We find said contentions to be without merit. The indictment in the instant case alleged in pertinent part that appellant did unlawfully "... enter a habitation *owned by* ... complainant, *without the effective consent* of ... complainant." Appellant and his counsel assert that, since the statutory definitions of the italicized terms include various types of owners and several means of proving lack of effective consent, the indictment is fundamentally defective. Appellant relies on the panel decision of the Court of Criminal Appeals in *Thomas v. State,* 621 S.W.2d 158, 159–160 (Tex.Cr.App.1980), which did indeed hold such an indictment defective when properly complained of on motion to quash. However, on the State's motion for rehearing, that court, en banc, reversed its previous panel decision at 621 S.W.2d 160–165 (Tex. Cr.App.—July 1, 1981). The court there held that the terms "owner" and "effective consent" may be alleged with no further

elaboration, because the variations in the statutory definitions of those terms are purely evidentiary, *Thomas, supra* at 161, and do not go to giving appellant notice of his alleged act, *Thomas, supra* at 163. We note further that the indictments in *Thomas* were held sufficient even in the face of a proper and timely motion to quash, whereas appellant here admits that no such motion was filed in the instant case. The ground raised in the pro se and supplemental briefs is therefore overruled.

The judgment is affirmed.