Curtis Ray McHENRY, Appellant,

v.

STATE of Texas, Appellee.

No. B14-84-253-CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 21, 1985.

Harry A. Loftus, Houston, for appellant.

Roe Morris, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Curtis Ray McHenry appeals from a judgment of conviction for burglary of a habitation with intent to commit sexual assault. The jury found appellant guilty and,

after finding the two enhancement paragraphs in the indictment true, assessed his punishment at life in the Texas Department of Corrections. In one ground of error appellant argues that the trial court erred in entering the judgment of guilty because the evidence was insufficient to show that entry into the habitation was with intent to commit sexual assault. We affirm.

When sufficiency of evidence is challenged, the court must view the evidence in the light most favorable to the verdict. *Garza v. State*, 622 S.W.2d 85, 90 (Tex.Crim.App.1981). Intent may be established by circumstantial evidence. *Clark v. State*, 543 S.W.2d 125, 127 (Tex.Crim.App. 1976); *Williams v. State*, 537 S.W.2d 936, 938 (Tex.Crim.App.1976); *Garcia v. State*, 649 S.W.2d 70, 72 (Tex.App.—Corpus Christi 1982, no pet.); *Warren v. State*, 641 S.W.2d 579, 582 (Tex.App.—Dallas 1982), pet. dism'd, 652 S.W.2d 779 (Tex.Crim.App. 1983) (en banc). Intent can be inferred from conduct of, remarks by, and circumstances surrounding the act engaged in by the accused. *Ercanbrack v. State*, 646 S.W.2d 480, 481 (Tex.App.—Houston [1st Dist.] 1982, no pet.)

Appellant entered the home of the complaining witness, Sandra Stokes, at approximately 1:30 a.m. on October 6, 1983. Stokes, an adult female friend, and one child were in the two bedroom house at the time. Stokes was watching television in her bedroom when she noticed appellant standing in the hallway watching her through the open bedroom door. Appellant entered her bedroom and began stabbing Stokes with a knife. Appellant pushed Stokes onto the bed where he lay on top of her and they struggled over control of the knife. He then tried to choke Stokes when she lost her grip on one of his hands. The struggle awoke Sharon Brady, the female friend, who was in another bedroom with her four year old daughter. Brady heard Stokes yell out, "Who are you? What are you doing here? Please don't hurt me. Don't hurt me." After hearing this, Brady called the police.

Stokes testified that appellant repeatedly told her to "shut up" and called her a "bitch." Appellant told Stokes she slept naked, even though she was wearing a floor length gown. He told her three times that "he wanted to get his dick wet."

Appellant stabbed Stokes on the thigh and cut her hand. Stokes was able to free herself and retrieved a pistol from her nightstand. She fired three times. Appellant was hit once, but he was not seriously injured. The police arrived and found appellant in the house and arrested him there.

In *Allen v. State*, 156 Tex.Crim. 620, 245 S.W.2d 707 (1952), the court found there was sufficient evidence to sustain the burglary with intent to commit rape conviction where the complainant awoke to find the appellant on top of her. In *Allen* the appellant did not even make a statement with sexual references, as appellant did in the instant case. In *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983) (en banc), the court found sufficient evidence of intent to commit rape where the complainant found the appellant masturbating on her bed, and he told her that he wanted to "fuck" her.

In our case, appellant's statements were of an obviously sexual nature. The only intent that can be inferred from appellant's statement is the intent to commit a sexual act with the complainant. We find that the evidence was sufficient to show appellant's entry was with intent to commit sexual assault; therefore, we find that the trial court was correct in entering a judgment of guilty.

Accordingly, the judgment of the trial court is affirmed.