Alberto MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00981–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 4, 1988.

---

Perry N. Bass, Houston, for appellant.

James L. Turner, Asst. Dist. Atty., Brazoria County, for State.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

A jury convicted appellant of the felony offense of aggravated assault. After appellant pled not true to the allegations contained in two enhancement paragraphs, the jury found them to be true and assessed punishment at 75 years confinement.

The evidence reflects that on April 2, 1985, the complainant, Richard Nelson, was on duty as a corrections officer in the Ramsey Unit I of the Texas Department of Corrections. Another officer shouted a warning, causing Nelson to turn and see two inmates, David Lopez and appellant, running toward him, each holding a prison-made, seven-inch-long, knife-like instrument called a "shank." Nelson testified that he feared for his life and ran toward the inmates and by them to escape. Appellant turned and chased Nelson until they reached a foyer where Officer Moises Villalobas was standing. Appellant then swung the shank at Villalobas's face and upper body. Villalobas fell backwards attempting to avoid appellant's attack. Appellant then continued the chase until Nelson dropped his keys. Appellant picked up the keys, pointed the shank at Nelson who had taken one step back toward him, and went to another part of the prison. Nelson testified that he was not injured, but that appellant was capable of inflicting death or serious bodily injury with the shank.

Appellant contends in his fourth point of error that the evidence was insufficient to support his conviction because the State did not prove that the appellant intentionally *and* knowingly threatened the complainant with imminent bodily injury. Tex. Penal Code Ann. § 22.01(a)(2) (Vernon Supp.1988) provides that a person commits an assault "if he intentionally *or* knowingly threatens another with imminent bodily injury...." (Emphasis added.) Although allegations of culpable mental state may be asserted conjunctively, the court's charge correctly charged the jury disjunctively, and authorized the jury to find appellant guilty of assault if he acted intentionally *or* knowingly. The State was accordingly required to prove only one of the two culpable mental states alleged. *See Garrett v. State*, 682 S.W.2d 301, 309 (Tex.Crim.App. 1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985); *Vasquez v. State*, 665 S.W.2d 484, 486 (Tex.Crim.App.

1984), *disapproved on other grounds,* *Gonzales v. State,* 723 S.W.2d 746 (Tex. Crim.App.1987).

Appellant claims that the evidence establishes merely that his conduct was reckless. We disagree. Tex.Penal Code Ann. § 6.03(b) (Vernon 1974) provides that:

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

■ Threats may be committed by speech or conduct. *McGowan v. State,* 664 S.W.2d 355 (Tex.Crim.App.1984). Appellant's conduct, *viz.,* chasing Nelson with a homemade knife and swinging it at another officer in Nelson's presence, was of such character as to show that appellant was reasonably certain that his conduct would cause Nelson to be and feel threatened with imminent bodily injury. The evidence is sufficient to allow a rational trier of fact to find, beyond a reasonable doubt, that appellant's conduct was committed knowingly. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Appellant's fourth point of error is overruled.

Appellant contends in his fifth point of error that the evidence was insufficient to show that the shank was a deadly weapon. The trial court found that appellant committed the offense using a deadly weapon, thus making the offense an aggravated assault. Tex.Penal Code Ann. § 1.07(a)(11) (Vernon 1974) provides that:

"Deadly weapon" means:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose

of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

■ The testimony reflects that the shank was seven inches long, pointed, knife-like, "homemade," and was used to intimidate unarmed corrections officers and cause them to flee. The shank itself was admitted into evidence. Additionally, the warden and the complainant both testified that the shank was capable of causing death or serious bodily injury. This description, appellant's use of the shank, and the proximity of appellant to Nelson constituted sufficient evidence to allow a rational trier of fact to find that the shank was a "deadly weapon" beyond a reasonable doubt. *Tisdale v. State,* 686 S.W.2d 110 (Tex.Crim.App.1984) (op. on reh'g).

Appellant's fifth point of error is overruled.

■ Appellant contends in his third point of error that the trial court erred in admitting a copy of a mandate of affirmance from the Fifth Court of Appeals in Dallas, Texas, because it was not "exemplified" under Tex.R.Crim.Evid. 902. The predicate relied upon by the State was a typewritten statement on both pages of the copy by a Walker County Notary Public, signed by her, alleging that the documents were true and correct copies of the original mandate. The State introduced no evidence to authenticate the document. Appellant objected to the copy because "it was not exemplified," a term commonly understood to refer to the authentication procedure of Tex.Rev. Civ.Stat.Ann. art. 3731a, sec. 4 (Vernon Supp.1988), which is very similar to Tex.R. Crim.Evid. 902(4). The trial court overruled his objection.

On appeal, the State concedes that the documents do not meet the requirements of admissibility under rule 902(4)[1], but con-

1. Rule 902(4) provides:
Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
(4) A copy of an official record or report or entry therein, or of a document authorized by

law to be recorded or filed and actually or recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1), (2), or (3)

tends that the documents are admissible under rule 901(a) and (b)7. At trial, the State did not argue that the document was admissible under this rule. Rule 901 provides in part as follows:

(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . . .

(7) *Public records and reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

Nothing in rule 901 permits the authentication or identification of public records and reports with an affidavit that does not meet the requirements of authentication under rule 902. Thus, to authenticate public records or reports under rule 901, the State was required by statute to introduce evidence sufficient to support a finding that the document was authorized by law to be recorded or filed in a public office or that it was a public record from the public office where items of this nature are kept. *See U.S. v. Davis,* 571 F.2d 1354, 1357 (5th Cir.1978) (insufficient authentication under Fed.R.Evid. 901, which is identical to Tex. R.Crim.Evid. 901).

The State produced no evidence to support such a finding. The notary's statement alleges merely that the document is a true and correct copy of the original, but does not establish that she was acquainted with the contents of the original, or that she was authorized to make the certification, or that she had a basis for concluding

of this rule or complying with any statute or court rule prescribed pursuant to statutory

that the document was a true and correct copy of the original. Further, the notary's statement does not reflect that she is the custodian of the original document or that it is a public record from the public office where items of this nature are kept.

■ Further, the copy did not meet the self-authentication requirements under rule 902. Rule 902(4) allows a copy of a public record to be certified by the methods described in (1), (2), or (3). The copy in question bears a seal but is not a foreign public document; therefore, the method contained in (2) and (3) is inapplicable. The remaining method provides:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
(1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency, thereof, and a signature purporting to be an attestation or execution.

There is nothing that establishes that the notary is the custodian of the document in question, or otherwise authorized to make the certification, and the document is thus not self-authenticating under rule 902(4) by the method described in (1). The document was not properly authenticated under the law and the trial court erred in admitting it into evidence.

Appellant's third point of error is sustained.

Appellant contends in his first and second points of error that the evidence was insufficient to support the jury's finding of true to the allegations in the first enhancement paragraph, and that the State failed to prove that the conviction alleged in the first enhancement paragraph became final prior to the commission of the offense alleged in the second enhancement para-

authority.

graph, as required by Tex.Penal Code Ann. 12.42(d) (Vernon Supp.1988). In light of our ruling on appellant's third point of error, we agree. The State introduced no evidence other than the unauthenticated copy of the mandate to prove the finality of the first conviction. We have held that this copy was not admissible.

Appellant's first and second points of error are sustained.

The judgment is reversed as to punishment, and the case is remanded for a new trial on punishment. Tex.Code Crim.P. Ann. art. 44.29(b) (Vernon Supp.1988).