

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00296-CR

KYLE NATHAN WARD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
### TRIAL COURT NO. 1285530D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Kyle Nathan Ward of criminal mischief and, after finding the enhancement allegations true, assessed his punishment at confinement in the penitentiary for eleven years and a fine of $5,000. Appellant brings this appeal complaining in two issues about the admission of his prior convictions during the punishment trial. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## I. Background

The State indicted Appellant for the offense of criminal mischief with a pecuniary loss of $1,500 or more but less than $20,000 that was committed on or about June 18, 2012. Tex. Pen. Code Ann. § 28.03(a)(1) (West 2011). The offense was a state jail felony. Tex. Pen. Code Ann. § 28.03 (b)(4)(A). The punishment range for a state jail felony is confinement in a state jail for any term of not more than two years or less than 180 days and a fine not to exceed $10,000. Tex. Pen. Code Ann. § 12.35(a), (b) (West Supp. 2014). A jury found Appellant guilty of the offense as charged. Appellant raises no complaint as to his trial on guilt/innocence.

The State also alleged Appellant was finally convicted of the felony offense of robbery in the 195th District Court of Dallas County, Texas, in cause number F05-51748N, on March 3, 2006, and, prior to the commission of that offense, Appellant had been finally convicted of the felony offense of unlawful possession of a firearm by a felon in the 203rd District Court of Dallas County, Texas, in cause number F-0256674-QP on February 14, 2004. If found true, these convictions raised the punishment range for his current offense to that of a second degree felony. Tex. Pen. Code Ann. § 12.425(b) (West Supp. 2014). A second degree felony is punishable for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. Tex. Pen. Code Ann. § 12.33 (West 2011). The jury found the enhancements true and assessed

2

Appellant's punishment at confinement in the penitentiary for eleven years and a fine of $5,000.

## II. The Record

Appellant asserts two issues regarding the admission of his prior convictions. To understand his complaints, we first set out the relevant exhibits, which are State's Exhibits 24, 24A, and 25. State's Exhibit 24 is an unredacted version of four Dallas County convictions, including the two that were used for enhancement purposes. The trial court admitted State's Exhibit 24 for record purposes only. State's Exhibit 24A is the redacted version of the four Dallas County convictions that the trial court actually admitted for the jury's consideration. State's Exhibit 25 contains a misdemeanor conviction out of Tarrant County.

## III. Appellant's First Issue

In his first issue, Appellant asserts the trial court erred by admitting State's Exhibits 24A and 25 because the prior convictions were not in proper form and were, therefore, inadmissible.[2] Appellant raises two complaints. First, he complains that the district clerk's certificates to the judgments appear on separate, blank pages that do not reference any other pages. Next, he

---

[2]In his brief, Appellant refers to State's Exhibits 24 and 25. We construe Appellant's complaint to address the admission of State's Exhibit 24A, as that was the exhibit the jury considered when assessing punishment.

3

complains that the documents fail to show that a district judge reviewed and approved the magistrates' findings.

*State's Exhibit 25*

To the extent Appellant complains about State's Exhibit 25 in his first issue, State's Exhibit 25 contains a county court misdemeanor conviction out of Tarrant County, the county court clerk's certificate appears on each page of the document, the judgment is signed by the county judge, and there is nothing suggesting a magistrate was involved. We overrule any complaint as to State's Exhibit 25.

*State's Exhibits 24 and 24A—Authentication*

In his brief, Appellant refers to the composite exhibits "24 and 25." As described above, State's Exhibit 24 is the unredacted version of the four Dallas County convictions that the trial court admitted for record purposes only. State's Exhibit 24A is the redacted version of the same four convictions that the trial court admitted for the jury's consideration. Unlike the Tarrant County County Clerk, the Dallas County District Clerk did not place a certification on each page of the document but, instead, placed the certification on a separate, blank page behind each judgment. In conjunction with the judgment in F05-51748N, Appellant's trial counsel stated, "[I]t's all stapled together." Later Appellant's trial counsel, when discussing the redactions, stated he wanted the original exhibit, which contextually appears to be State's Exhibit 24, to be kept in exactly the same form with a single staple in it. The exhibit itself shows the documents

4

presented in a fixed order. The certificates affirm: "I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office." State's Exhibit 24A contains the same four judgments but not the separate sheets containing the district clerk's certificates. To the extent Appellant refers to a composite of State's Exhibits 24 and 25, he appears to be referring to a composite of State's Exhibits 24 and 24A, because the only way to understand his complaint regarding the clerk's certificates is to refer to State's Exhibit 24.

Appellant relies on *Blank v. State*, 172 S.W.3d 673 (Tex. App.—San Antonio 2005, no pet.). The court in *Blank* specifically stated that a prior conviction may be proven by certified copies of a judgment and sentence. *Id.* at 675. In *Blank*, there was a clerk's certification of a "Case Synopsis." *Id.* The court concluded a case synopsis was not a judgment and sentence, reversed the judgment, and remanded the case for a new trial on punishment. *Id.* at 675–76. We find *Blank* distinguishable because *Blank* does not question the certification but, rather, the underlying certified document. Appellant's complaint goes to the certification, not the underlying document.

Appellant also relies on *Martinez v. State*, 754 S.W.2d 831 (Tex. App.—Houston [14th Dist.] 1988, no pet.). There the State tried to prove up a prior conviction with a mandate of affirmance from a court of appeals. *Id.* at 833. The attempted authentication came not from the clerk of the appellate court but from a Walker County notary public who had received a copy of the appellate court's

5

mandate.  *Id.*  Because there was nothing showing the notary public was the custodian of the original document, the court ruled the document was not properly authenticated and reversed the judgment for a new trial on punishment.  *Id.* at 834–35.  We hold *Martinez* is distinguishable as well.  Appellant's complaint is not that the wrong clerk attempted to authenticate the judgments and sentences; rather, Appellant's complaint is the manner by which the proper clerk authenticated the judgments and sentences—by placing the certificate on a blank page following the judgments and sentences and by having the certificate refer back to the preceding documents.

In *Alvarez v. State*, twenty-eight pages of a document were stapled together as one unit with a certification appearing on the back of the last page.  536 S.W.2d 357, 361 (Tex. Crim. App.), *cert. denied*, 429 U.S. 924 (1976).  The court held the certification was sufficient.  *Id.*  Here, the certificates referenced the "foregoing," that is, the preceding documents are true and correct; the four judgments and supporting documents precede each of the four certificates; and the record shows the documents were stapled together sequentially, so there is no ambiguity regarding which preceding documents the certificates were in reference to.  We find no merit in Appellant's authentication complaint.  *See* Tex. R. Evid. 902(1), (4).

*State's Exhibits 24 and 24A—the Magistrate Issue*

Regarding Appellant's complaints that the judgments failed to show the district judges reviewed and approved the magistrates' findings, three of the four

6

judgments in State's Exhibits 24 and 24A either expressly or implicitly show both a magistrate's and a presiding judge's involvement. The judgment for cause number F-0256674-QP identifies Terrie McVea as the magistrate and Lana McDaniel as the judge and is signed by Judge McDaniel. The second judgment, F05-51748N, identifies Terrie McVea (ostensibly the same Terrie McVea identified as a magistrate in judgment F-0256674-QP) as the judge but is signed by John Nelms, "Judge, 195th District Court." The third judgment, F01-57673-S, identifies Stephen Halsey as the magistrate and Karen Greene as the judge and is signed by Karen Greene, "Judge Presiding."

Regarding the fourth judgment, F-0859342-X, it identifies Jeanine Howard as the judge and is signed by Jeanine Howard. There is no suggestion of a magistrate in F-0859342-X, and Appellant does not appear to include this judgment within his magistrate complaint but, instead, appears to limit his complaints as to F-0859342-X to the certification issue. We do not construe Appellant's magistrate complaint to encompass this judgment, and to the extent it does, the record does not support his contention that a magistrate was involved.

Appellant complains there is nothing showing the district judges reviewed the magistrates' evidentiary findings. A presumption of regularity applies to court proceedings. *Christian v. State*, 865 S.W.2d 198, 202 (Tex. App.—Dallas 1993, pet. ref'd). A defendant has the burden of overcoming the presumption of regularity by presenting a record affirmatively showing the irregularity about which he complains. *Id.* The judgment in F-0256674-QP affirmatively recites the

7

judge reviewed the magistrate's findings and approved them. The judgments in F05-51748N and F01-57673-S do not affirmatively show the judges reviewed and approved the magistrates' findings, but they do not affirmatively show the contrary either. Absent the record affirmatively showing the trial judges did not review the magistrates' actions, we have no authority to reverse a judgment. *See id.*

Furthermore, Appellant's complaints go to the procedures followed or, as he argues, not followed by the district judges before signing the judgments of conviction. Appellant's complaints are impermissible collateral attacks. Only void convictions are subject to collateral attack. *Id.* at 201. Appellant is not arguing the convictions are void. Noncompliance with procedural requirements is not fundamental error subject to collateral attack. *Id.* (relying on *Armstrong v. State*, 805 S.W.2d 791, 793 n.3 (Tex. Crim. App. 1991)). Any alleged procedural error would render the convictions voidable, not void. *Cobbins v. State*, Nos. 05-92-02463-CR, 05-92-0264-CR, 1996 WL 404001, at *2 (Tex. App.—Dallas July 15, 1996, no pet.) (not designated for publication). Even assuming Appellant's complaints had merit, the errors would render the judgments voidable, not void. *See Christian*, 865 S.W.2d at 201. Because Appellant has not affirmatively shown error and because any error would be an impermissible collateral attack, we hold that there is no merit in Appellant's magistrate complaints and overrule his first issue. *Id.* at 203.

8

## IV. Appellant's Second Issue

In his second issue, Appellant argues that the State failed to prove that any of the judgments in State's Exhibits 24A and 25 were final convictions as alleged in the indictment.[3]  Appellant correctly asserts that for enhancement purposes, the convictions in F05-51748N and F-0256674-QP were required by statute to be final.  *See* Tex. Pen. Code Ann. § 12.425(b).  Appellant complains there is nothing in the record showing whether these convictions were appealed and, therefore, whether they were final for enhancement purposes.  Appellant contends his punishment range should thus have remained that of a state jail felony with a maximum of two years' confinement.

The crux of Appellant's complaint is the enhancement of the range of his punishment from a state jail felony to a second degree felony.  The only two convictions pertinent to that complaint are F05-51748N and F-0256674-QP found in State's Exhibit 24A.  Those were the two convictions alleged for enhancement purposes in the State's indictment.  Accordingly, to the extent Appellant's brief complains about State's Exhibit 25 pertaining to the misdemeanor conviction, we overrule his complaint, as the conviction in State's Exhibit 25 had no bearing on the range of his punishment.  Similarly, to the extent Appellant complains about

---

[3]Here, again, Appellant's brief refers to State's Exhibit 24.  For the reasons explained earlier, we construe his brief to reference State's Exhibit 24A, which was the redacted version the jury actually considered.

the other two convictions in State's Exhibit 24A, we overrule his complaint as to them because they also had no bearing on the range of his punishment. We limit our remaining discussion to the convictions in cause numbers F05-51748N and F-0256674-QP found in State's Exhibit 24A.

The State carries its burden by introducing copies of the judgment and sentence for each enhancement and connecting each one to the defendant. *Tinney v. State*, 578 S.W.2d 137, 139 (Tex. Crim. App. [Panel Op.] 1979). In *Tinney*, the court held the judgments were admissible provided they were properly certified and provided they were connected to the defendant through fingerprint evidence. *Id.* We held in Appellant's first issue that the exhibits were properly certified. Additionally, a fingerprint expert testified that he had compared Appellant's known fingerprints to those in the judgments and had concluded they were the same. Under *Tinney*, these convictions were admissible. *See id.*

Once the State shows a prior conviction, the burden shifts to the defendant to show the judgment was not final. *Id.*; *Hamlin v. State*, 632 S.W.2d 203, 206 (Tex. App.—Fort Worth 1982, no pet.). Appellant's brief does not specify where he complained at trial about the State's failure to prove the judgments were final. Appellant directs us to trial counsel's objections to these documents, but our review of these objections does not show any such complaint. We hold the State carried its burden of making a prima facie case, and in the absence of any objection or evidence to the contrary, we hold the judgments were final. We overrule Appellant's second issue.

10

## V. Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 13, 2014