237 S.W.3d 923 (2007)
In the Matter of M.C., a Juvenile.
No. 05-06-01644-CV.
Court of Appeals of Texas, Dallas.
November 13, 2007.
*924 April E. Smith, Mesquite, for Appellant.
William T. Hill, Dallas, for Appellee.
Before Justices MOSELEY, LANG, and MAZZANT.

OPINION
Opinion by Justice MAZZANT.
The trial court found that M.C., a juvenile, was a child engaged in delinquent conduct when he committed aggravated assault with a deadly weapon and ordered him committed to the Texas Youth Commission for eight years. In three issues, he claims the evidence is legally and factually insufficient and the judgment should be modified to correct a clerical error. As modified, we affirm the trial court's judgment.

BACKGROUND
Appellant's father, Julio Colocho, testified at the adjudication hearing that on October 16, 2005, he went out to dinner with his ex-wife (appellant's mother), Ana Colocho, and their daughter, Griselda. The three began to argue at the restaurant and the argument continued in the car on the way home. Believing it would be better for him to walk the rest of the way home, Julio asked to be let out of the car approximately two blocks from his house. Julio took off his belt to protect himself from stray dogs as he walked home. Ana and Griselda went to pick up appellant and his brother, Jordan, from a nearby friend's house nearby.
Julio saw his family again at the intersection of San Augustine and Brierwood Road in Dallas, Texas. Appellant and Jordan *925 were in the back seat of the car and Ana was taking them to get something to eat. Julio told Ana that if the boys were going to sleep at his house that night, she needed to drop them off before 10:00 p.m. Ana became upset and said she would drop the boys off at whatever time she pleased. At this point, appellant got out of the car with a shotgun and said, "I'm going [to] stop this shit." Appellant fired the shotgun once into the air before pointing it at his father, who was approximately eight to ten feet away. Griselda intervened to stop appellant, who then fled on foot with his brother. Grieselda and Ana drove away in the car while Julio called the police on his cell phone. Julio later gave the police a written statement about the incident.
Dallas Police Officer Jonathan Blanchard testified that he was dispatched to the area of San Augustine and Brierwood roads in response to an anonymous "shots fired" call. Blanchard testified that the caller had reported hearing a single, loud gunshot in the area. The officer arrived at the intersection approximately one hour later but did not see anything out of the ordinary. As he waited at the intersection, Blanchard received another dispatch to respond to a residence. When he arrived at Julio's residence, Blanchard met with Julio, who claimed appellant had threatened him with a shotgun.
Ana and Griselda testified in appellant's defense. They claimed that after picking up appellant and Jordan, Julio approached the car, took off his belt, and threatened to hit Ana with it. Appellant and Griselda then got out of the car and stood in between Julio and Ana. Ana and Griselda both maintained that appellant did not brandish a firearm. They also claimed Julio was drunk when this incident occurred.
Appellant testified in his own defense and denied threatening his father with a firearm or discharging a firearm. He claimed he rushed to his mother's defense when he saw his father take off his belt and raise it up like he was going to hit Ana. He testified that he "got in the middle of it" and verbally confronted his father but that he did not have a firearm or any sort of weapon.
Appellant waived his right to a jury trial and an adjudication hearing was held before the court. At the conclusion of the hearing, the court found appellant had engaged in delinquent conduct by committing the charged offense of aggravated assault with a deadly weapon.[1] At the subsequent disposition hearing, the trial court considered a predisposition report that listed two prior adjudications for burglary of a building. There was also testimony concerning appellant's association with two local gangs and drug use. The trial court ordered appellant committed to the custody of the Texas Youth Commission for eight years.

DISCUSSION
In issues one and two, appellant complains the evidence is legally and factually insufficient to support his adjudication for aggravated assault with a deadly weapon. Specifically, he argues that he and two other witnesses testified that he never had or fired a gun and never pointed a gun at Julio. Appellant also claims that even if Julio's allegations are true, the evidence proves appellant was not the aggressor and that he acted in defense of another.
The Texas Family Code places juvenile delinquency proceedings in civil courts but requires that their adjudication be based on the standard of proof used in criminal cases. TEX. FAM.CODE ANN. §§ 51.17, 54.03(f) (Vernon Supp.2006). In addition, *926 the Texas Supreme Court has held that juvenile delinquency proceedings are "quasi-criminal" in nature and that criminal rules of procedure must be looked to for guidance. In re B.L.D, 113 S.W.3d 340, 351 (Tex.2003). Therefore, we apply the same standards of review to challenges of the sufficiency of the evidence in the adjudication of a juvenile as we do in criminal cases. See In re J.W., 198 S.W.3d 327, 330 (Tex.App.-Dallas 2006, no pet.); In re A.B., 133 S.W.3d 869, 871 (Tex.App.-Dallas 2004, no pet.); In re Z.L.B., 115 S.W.3d 188, 190 (Tex.App.-Dallas 2003, no pet.).[2]
In evaluating a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005); Sanders v. State, 119 S.W.3d 818, 820 (Tex.Crim.App.2003). In determining whether evidence is sufficient to convict, the appellate court must examine the totality of the circumstances. Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex.Crim.App. 2005). This standard is applicable in both direct and circumstantial evidence cases. Chambers v. State, 711 S.W.2d 240, 244-45 (Tex.Crim.App.1986). The appellate court is not a fact finder; its role is to act as a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).
In a factual sufficiency review, we view all of the evidence in a neutral light and ask whether the trier of fact was rationally justified in finding guilt beyond a reasonable doubt. Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App.2006). To reverse a case on a factual sufficiency challenge, we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the verdict. Id. at 417. In making a factual sufficiency review, a reviewing court is permitted to substitute its judgment for the trier of fact's when considering credibility and weight determinations but only "to a very limited degree." Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App.2006) (explaining factual sufficiency jurisprudence still requires appellate court to afford "due deference" to trier of fact's determinations). Unless the record clearly reveals a different result is appropriate, an appellate court must defer to the trier of fact's determinations concerning what weight to give contradictory testimonial evidence. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App.2000).
A person commits aggravated assault with a deadly weapon if he intentionally or knowingly threatens another with imminent bodily injury and if he uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp.2006). A deadly weapon is defined, in part, as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (Vernon Supp.2006).
Appellant claims the evidence is legally and factually insufficient to support the *927 trial court's finding because he, together with his mother and sister, testified that he did not point a gun at Julio. Julio, however, testified that appellant threatened him with a shotgun. As the trier of fact, the trial court was entitled to believe Julio's testimony over the testimony of appellant or appellant's mother and sister. Furthermore, there was evidence that an anonymous caller reported hearing a single gunshot fired in the area where the incident occurred. This evidence tends to support Julio's testimony that appellant fired the shotgun once into the air before pointing it at him. Because it was within the province of the trier of fact to resolve these conflicts in the evidence, we conclude, viewing the evidence in the light most favorable to the verdict, that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We also conclude, viewing the evidence in a neutral light, that there is no basis in the record to conclude the trial court's finding is clearly wrong and manifestly unjust or that it is contradicted by the great weight and preponderance of the evidence. See Watson, 204 S.W.3d at 417.
In addition, the evidence does not raise an issue concerning whether appellant acted in defense of a third person. The Texas Penal Code lists the circumstances under which a person is justified in using force or the threat of force against another to protect a third person. See TEX. PENAL CODE ANN. §§ 9.04, 9.33 (Vernon 2003). In order to raise this defense, however, the defendant must admit he committed the charged offense and then offer defense of a third person as a justification for his otherwise criminal conduct. See Young v. State, 991 S.W.2d 835, 838 (Tex.Crim.App.1999); VanBrackle v. State, 179 S.W.3d 708, 715 (Tex.App.-Austin 2005, no pet.).
In the present case, appellant was charged with committing aggravated assault by threatening his father with a shotgun, a deadly weapon. During his testimony, appellant admitted getting in between his father and mother and telling his father that he was not going to let his mother get hurt, but he denied committing the charged offense. He was asked whether he threatened his father with a firearm on October 16, 2005, and he answered that he did not. Appellant also denied discharging a firearm that day or having one in his possession. Ana and Griselda testified that appellant only got in between Julio and Ana but he did not have a firearm. Since the defensive testimony in this case was to the effect that appellant did not commit the alleged act, there was no evidence upon which the trial court could have found that appellant acted in defense of a third party. See VanBrackle, 179 S.W.3d at 715. Accordingly, we overrule appellant's first and second issues.
In his third issue, appellant contends the trial court's order should be modified to correct a clerical error regarding his waiver of rights. The State agrees the judgment incorrectly reflects that appellant waived his right to a trial before the court and his right to confront the State's witnesses.
Prior to the adjudication hearing, appellant signed a document entitled "EXPLANATION OF RIGHTS  DELINQUENCY AND CINS." In that document, appellant indicated a desire to waive not only his right to a jury trial but his right to have his case heard by the district judge and his right to confront the State's witnesses and submit witnesses in his defense. At the start of the adjudication hearing, the trial court established that appellant wanted to have a trial before the court. During the trial that followed, appellant confronted the State's *928 witnesses and presented evidence in his defense, including his own testimony. The trial court's judgment, however, states in the section entitled "WAIVER OF RIGHTS" that appellant waived his right to confront the State's witnesses and his right to have a trial before the court.
We have the authority to modify incorrect judgments when the necessary information is available to do so. See TEX. R.APP. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.Crim.App.1993); Asberry v. State, 813 S.W.2d 526, 529 (Tex. App.-Dallas 1991, pet. ref'd). We therefore modify the trial court's judgment to delete, in the section entitled "WAIVER OF RIGHTS," the "X" before the phrase, "The right to confront the state's witnesses granted by Section 54.03(b)(4) of the Juvenile Justice Code," and the "X" before the phrase, "The right to have a trial before the Court granted by Section 54.03(b)(4) of the Juvenile Justice Code."
As modified, we affirm the trial court's judgment.
NOTES
[1] See TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp.2006).
[2] We follow the civil standards in reviewing the legal and factual sufficiency of the evidence supporting a juvenile court's disposition order. See In re T.E.G., 222 S.W.3d 677, 678 (Tex.App.-Eastland 2007, no pet.) (citing additional authorities); In re C.G., 162 S.W.3d 448, 452 (Tex.App.-Dallas 2005, no pet.) (applying civil standards). This appeal, however, concerns the sufficiency of the evidence supporting appellant's adjudication for aggravated assault with a deadly weapon.