NO. 07-09-00089-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



NOVEMBER
19, 2010

 



 

EDWARD F. SWANSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-421,735; HONORABLE DAVID GLEASON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Edward F. Swanson appeals
from his jury conviction of the offense of robbery and the resulting sentence
of fifty years of imprisonment.  Through
two issues, appellant contends the trial court erred by overruling appellant=s objection to the omission of a
lesser-included offense instruction of misdemeanor assault and erred by
overruling appellant=s objection to an incorrect statement
of law during the State=s closing argument, thereby harming
appellant.  We will affirm.

 

 

Background

By a December 2008 indictment,
appellant was charged with robbery.[1]  The State alleged three different manners and
means of commission of the offense.  On
his plea of not guilty, only the first theory, that appellant Aintentionally and knowingly, while in
the course of committing theft of property and with intent to obtain and
maintain control of said property, threaten[ed] and
place[d] [the victim] in fear of imminent bodily injury, by swinging [appellant=s] hand at the said [victim],@ was submitted to the jury.  Also included in the indictment were two
enhancement paragraphs setting forth appellant=s two prior final felony convictions.[2]   

Appellant does not challenge the
sufficiency of the evidence supporting his conviction, so we will recite only
so much of the evidence as is necessary to an understanding of the issues
presented.  The events leading to
appellant’s conviction occurred in September 2007 at South Plains Mall in
Lubbock.  Evidence showed that a sales
associate at Dillard’s department store called the store=s security officer to report that she
noticed appellant and an unidentified man acting suspiciously.  Appellant went into a dressing room with four
pairs of jeans but came out with only three pairs.  The security officer broadcast a radio
message describing the two men.  A
uniformed mall security officer heard the broadcast, and saw two men consistent
with the radioed description running out of the mall.  He chased them, catching the unidentified
man.  He then chased appellant, yelling
several times at him to Astop.@  Appellant turned and
looked at the officer but did not stop. 
Instead, he got into a parked car and started it.  The mall officer arrived at the car and
pulled appellant out.  Appellant told the
officer Ahe wasn=t going back.@ 
The officer put appellant against the side of the car.  The car started to move and ran over the
officer=s right foot, causing a Ashock and a sharp pain.@ 
As the car ran over the officer’s foot, appellant was able to step aside
and swing at the officer’s head.  The
blow did not make contact as the officer ducked.

Appellant then ran again.  The officer again chased him.  When the officer grabbed appellant, he took another
swing at the officer=s face.  The officer ducked under the blow, tackled
appellant and grabbed him by the legs. 
The officer noticed appellant had a pair of pants and a shirt tied
around his leg.  The Dillard=s security officer arrived
on-scene and identified appellant as the man she saw leaving Dillard=s and identified the merchandise he
had tied around his legs as Dillard=s merchandise.  The
shirt and jeans had Dillard=s tags attached to them.

Analysis

Lesser-Included Jury Instruction of Misdemeanor
Assault

In appellant=s first issue, he contends the trial
court erred by omitting an instruction on the lesser-included offense of
misdemeanor assault.  At the close of the
guilt-innocence phase of trial, appellant stated, AYour Honor, I=m going to request a charge of lesser
included of assault under the theory that if the jury finds the assault was not
done with intent to maintainBobtain or maintain control of
property.@ 
The trial court denied the request but suggested appellant may want to
prepare a requested or proposed charge. 
He did not do so.  Thereafter,
the following exchange took place:

                        Appellant:      I would object to the charge as a whole
for its failure to include a definitionBI mean an instruction on the lesser included offense of assault
by again threatening or placing someone in imminent fear of serious bodily
injury.  Your Honor, and I don=t feel I need toBI think the case law is clear.  I don=t need to offer a proposed charge on that.

                        The Court:     You=re just objecting to the failure to
include that instruction?

                        Appellant:      To include.

                        The Court:     All
right.  The record will be clear that
objection is overruled.  Any further objections?

                        Appellant:      No, your Honor.

Pursuant to article 37.09, an offense
is a lesser included offense if: (1) it is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged; (2) it differs from the offense charged only in the respect
that a less serious injury or risk of injury to the same person, property, or
public interest suffices to establish its commission; (3) it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission; or (4) it consists of an attempt to commit the
offense charged or an otherwise included offense.  Tex. Code Crim. Proc. Ann.
art. 37.09 (Vernon 2006).  

The first step in the lesser‑included‑offense analysis, determining
whether an offense is a lesser‑included offense
of the alleged offense, is a question of law. 
Hall v. State, 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007). 
It does not depend on the evidence to be produced at the trial. Id.  It may be, and to provide notice to the
defendant must be, capable of being performed before trial by comparing the
elements of the offense as they are alleged in the indictment or
information with the elements of the potential lesser‑included
offense.  Id.  The evidence adduced at trial should
remain an important part of the court’s decision whether to charge the jury on lesser‑included offenses.  Id. 
The second step in the analysis should ask whether there is evidence
that supports giving the instruction to the jury.  Id. 
AA defendant is entitled to an
instruction on a lesser‑included offense where
the proof for the offense charged includes the proof necessary to establish the
lesser‑included offense and there is some
evidence in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty only of the lesser‑included
offense.@ 
Id.  In this step of the
analysis, anything more than a scintilla of evidence may be sufficient to
entitle a defendant to a lesser charge.  Id.
 In other words, the evidence must
establish the lesser‑included offense as Aa valid, rational alternative to the
charged offense.@ 
Id. See also Rousseau v. State, 885 S.W.2d 666 (Tex.Crim.App.
1993); Royster v. State, 622 S.W.2d 446
(Tex.Crim.App. 1981) (plurality opinion on reh=g) (holding adopted by majority of
court in Aguilar v. State, 682 S.W.2d 556 (Tex.Crim.App.
1985). 

A person commits robbery if, in the
course of committing theft as defined in Penal Code Chapter 31 and with intent
to obtain or maintain control of the property, he intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.  Tex. Penal Code Ann. ' 29.02(a)(2)
(Vernon 2003).  A person commits an
assault by intentionally or knowingly threatening another with imminent bodily
injury.  Tex. Penal Code Ann. ' 22.01(a)(2)
(Vernon Supp. 2010).

The State does not directly dispute
that the elements of misdemeanor assault are contained within the allegations
of appellant’s indictment for robbery. 
We agree with appellant that the first step of the required analysis is
satisfied.  See Jones v. State, 984 S.W.2d 254, 257 (Tex.Crim.App.
1998) (affirming finding of error in denial of request for instruction on
misdemeanor assault as lesser-included offense of robbery); Nottingham v. State, No. 07-08-0131-CR,
2009 Tex. App. Lexis 649, at *2-*3 (Tex.App.--Amarillo
January 30, 2009, no pet.) (mem.
op.) (noting some courts have held simple assault may be lesser-included
offense of robbery).  But we agree with
the State that appellant’s argument fails to accomplish the second step, that
is, fails to point to some evidence that, if appellant is guilty, he is guilty
only of misdemeanor assault.  

The evidence clearly showed appellant
took merchandise from Dillard’s. 
Appellant cannot point to any evidence rebutting the State’s evidence he
committed theft, nor does appellant argue any evidence rebuts a conclusion he
committed his assaultive conduct in the course of his commission of theft.  Cf. Jones, 984 S.W.2d at 257 (defendant’s testimony denying theft
negated theft element of robbery, if believed).

Instead, appellant contends the jury
heard evidence that, if believed, would have negated the element of robbery
requiring proof he assaulted the security officer with intent to obtain or
maintain control of the clothes he took from Dillard’s.  Tex. Penal Code Ann. §
29.02(a) (Vernon 2003).  The Court
of Criminal Appeals has held that “a lesser included offense may be raised if
evidence either affirmatively refutes or negates an element establishing the
greater offense, or that evidence on the issue is subject to two different
interpretations, and one of the interpretations negates or rebuts an element of
the greater.”  Schweinle
v. State, 915 S.W.2d 17, 19 (Tex.Crim.App. 1996)
(per curiam), citing Saunders v. State, 840
S.W.2d 390 (Tex.Crim.App. 1992).

The evidence appellant sees as potentially
negating or rebutting his intent to obtain or maintain control of Dillard’s
clothes is the testimony that the security officer initiated the physical
contact between them when he pulled appellant from the vehicle and then when he
took appellant to the ground in the parking lot, and testimony that appellant
exhibited anger at the security officer. One witness testified that after
appellant was arrested, “[h]e was wanting [the
security officer] to take off the handcuffs so that he can go toe-to-toe with
him.”[3]  The security officer similarly testified that
appellant said if it had not been for the wet and drizzly conditions, “he would
have kicked my ass.”  Appellant argues
such testimony is subject to the interpretation that appellant swung his fist
as a response to the security officer’s aggressive physical contacts and not
with the intent to obtain or maintain control of the clothes.  Thus, he argues, the jury could have found
his assault of the officer was unrelated to the theft.  

We disagree that the evidence
appellant cites, even if interpreted in the manner appellant suggests, negated
or rebutted his intent related to the theft. 
See Schweinle,
915 S.W.2d at 19 (referring to evidence subject to two different
interpretations, and “one of the interpretations negates or rebuts an element
of the greater” offense).  An intent to respond in anger to the security officer’s
physical contact is not inconsistent with an intent to obtain or maintain
control of the stolen clothes.  Said
another way, the jury’s conclusion that appellant assaulted the officer out of
anger over his physical contact  would
not have precluded their conclusion, necessary to a guilty verdict for robbery,
that appellant also acted with the intent to obtain or maintain control of the
clothes.      Appellant’s suggested
interpretation does not negate or rebut an element of the greater offense.  See Saunders, 840 S.W.2d at 392 (jury’s
conclusion which culpable mental state defendant possessed would determine
guilt of greater or lesser offense; lesser-included-offense instruction
required); In re A.E.B., 255 S.W.3d 338, 347 (Tex.App.BDallas 2008, no
pet.) (jury’s conclusion which of two possible items defendant had
in his hand when he assaulted victim would determine his possible guilt of sexual
assault; instruction required). Accordingly, the evidence appellant cites does
not constitute evidence that if he is guilty, he is guilty only of
assault.  We overrule his first issue.

State=s Argument in Closing

In appellant=s second issue, he argues the trial
court erred by overruling his objections to the State=s closing arguments.  The law provides for and presumes a fair
trial free from improper jury argument.  Long v. State, 823 S.W.2d 259, 267 (Tex.Crim.App.1991).  Proper jury argument falls into four
categories: 1) summation of evidence presented at trial, 2) reasonable
deductions drawn from evidence presented at trial, 3) answers to opposing
counsel’s argument, or 4) pleas for law enforcement. Lagrone v. State, 942 S.W.2d
602, 619 (Tex.Crim.App.1997).  To
constitute reversible error, the argument must be extreme or manifestly
improper, violative of a mandatory statute, or have
injected new facts, harmful to the accused, into the trial proceedings.  Id. at 59.  The
argument must be considered within the context in which it appears.  Gaddis v. State, 753 S.W.2d 396, 398 (Tex.Crim.App.
1988).  Proper argument may refer
to the law as stated in the court’s charge. 
See Helleson v. State, 5 S.W.3d 393,
397 (Tex.App.‑Fort Worth 1999, pet. ref'd) (finding such argument proper). 

Appellant’s issue focuses on two
statements made by the prosecutor during his closing argument.  The first included, A[a]nd that=s all robbery is, it=s a theft with an assault.@ 
Appellant objected, stating A[t]hat=s a misstatement of the law.  It=s
not just a theft in an assault, Your Honor.@ 
The court overruled appellant=s objection.  In the
second statement, the prosecutor said, A[t]wo
things, intentBand remember, it=s intent to place someone in fear of
bodily injury.  All we have to show is in
the course of committing theft, and you can read that in the charge.@ 
Appellant objected, AYour Honor, again I=m going to object.  He=s misstating the law.  He=s totally forgetting the element of
intent to obtain and maintain control of property, Your Honor.  He=s totallyBthey want to ignore that, Your Honor.@ 
The court again overruled appellant=s objection.

Considering the prosecutor’s
statements in context, we find the court did not err by overruling appellant’s
objections.  A trial court possesses broad discretion in
controlling the scope of closing argument. 
Lemos v. State, 130 S.W.3d 888, 892 (Tex.App.--El Paso 2004, no pet.); see Herring v. New York,
422 U.S. 853, 862-63, 95 S.Ct. 2550, 2555-56, 45
L.Ed.2d 593 (1975).  If, in the objected-to statements
the prosecutor was purporting to recite all the elements the jury must find to
convict appellant, his objections might have been well taken.  But we find the court reasonably could have
considered the statements merely to be referring to individual elements of the
offense, and summarizing the evidence concerning them.  The prosecutor’s “all we have to show”
statement refers explicitly only to the element requiring that the assault must
have occurred in the course of committing theft.  We see no reversible error in the trial
court’s rulings, and overrule appellant=s second issue.  Having
overruled both appellate issues, we affirm the trial court’s judgment.

 

James
T. Campbell

          Justice

 

Do not publish.

 











[1] 
See Tex. Penal Code Ann. ' 29.02(a)(2) (Vernon 2003).  





[2] 
See Tex. Penal Code Ann. ' 12.42 (Vernon Supp. 2010). 
Appellant=s punishment was enhanced from a
second degree felony to a first degree felony, increasing his punishment to a
term between 25 and 99 years.  





[3] The same witness
agreed that appellant “appeared to be pretty upset with” the security officer
who apprehended him.