NO. 07-09-00089-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 19, 2010

EDWARD F. SWANSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,735; HONORABLE DAVID GLEASON, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Edward F. Swanson appeals from his jury conviction of the offense of robbery and the resulting sentence of fifty years of imprisonment. Through two issues, appellant contends the trial court erred by overruling appellant's objection to the omission of a lesser-included offense instruction of misdemeanor assault and erred by overruling appellant's objection to an incorrect statement of law during the State's closing argument, thereby harming appellant. We will affirm.

Background

By a December 2008 indictment, appellant was charged with robbery.[1] The State alleged three different manners and means of commission of the offense. On his plea of not guilty, only the first theory, that appellant "intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten[ed] and place[d] [the victim] in fear of imminent bodily injury, by swinging [appellant's] hand at the said [victim]," was submitted to the jury. Also included in the indictment were two enhancement paragraphs setting forth appellant's two prior final felony convictions.[2]

Appellant does not challenge the sufficiency of the evidence supporting his conviction, so we will recite only so much of the evidence as is necessary to an understanding of the issues presented. The events leading to appellant's conviction occurred in September 2007 at South Plains Mall in Lubbock. Evidence showed that a sales associate at Dillard's department store called the store's security officer to report that she noticed appellant and an unidentified man acting suspiciously. Appellant went into a dressing room with four pairs of jeans but came out with only three pairs. The security officer broadcast a radio message describing the two men. A uniformed mall security officer heard the broadcast, and saw two men consistent with the radioed description running out of the mall. He chased them, catching the unidentified man. He

---

[1] *See* Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003).

[2] *See* Tex. Penal Code Ann. § 12.42 (Vernon Supp. 2010). Appellant's punishment was enhanced from a second degree felony to a first degree felony, increasing his punishment to a term between 25 and 99 years.

then chased appellant, yelling several times at him to "stop." Appellant turned and looked at the officer but did not stop. Instead, he got into a parked car and started it. The mall officer arrived at the car and pulled appellant out. Appellant told the officer "he wasn't going back." The officer put appellant against the side of the car. The car started to move and ran over the officer's right foot, causing a "shock and a sharp pain." As the car ran over the officer's foot, appellant was able to step aside and swing at the officer's head. The blow did not make contact as the officer ducked.

Appellant then ran again. The officer again chased him. When the officer grabbed appellant, he took another swing at the officer's face. The officer ducked under the blow, tackled appellant and grabbed him by the legs. The officer noticed appellant had a pair of pants and a shirt tied around his leg. The Dillard's security officer arrived on-scene and identified appellant as the man she saw leaving Dillard's and identified the merchandise he had tied around his legs as Dillard's merchandise. The shirt and jeans had Dillard's tags attached to them.

Analysis

*Lesser-Included Jury Instruction of Misdemeanor Assault*

In appellant's first issue, he contends the trial court erred by omitting an instruction on the lesser-included offense of misdemeanor assault. At the close of the guilt-innocence phase of trial, appellant stated, "Your Honor, I'm going to request a charge of lesser included of assault under the theory that if the jury finds the assault was not done with intent to maintain–obtain or maintain control of property." The trial

3

court denied the request but suggested appellant may want to prepare a requested or proposed charge. He did not do so. Thereafter, the following exchange took place:

> Appellant: I would object to the charge as a whole for its failure to include a definition–I mean an instruction on the lesser included offense of assault by again threatening or placing someone in imminent fear of serious bodily injury. Your Honor, and I don't feel I need to–I think the case law is clear. I don't need to offer a proposed charge on that.
>
> The Court: You're just objecting to the failure to include that instruction?
>
> Appellant: To include.
>
> The Court: All right. The record will be clear that objection is overruled. Any further objections?
>
> Appellant: No, your Honor.

Pursuant to article 37.09, an offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).

The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. *Hall v. State,* 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007). It does not depend on the evidence to be produced at the trial. *Id.* It may be, and to provide notice to the

4

defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *Id.* The evidence adduced at trial should remain an important part of the court's decision whether to charge the jury on lesser-included offenses. *Id.* The second step in the analysis should ask whether there is evidence that supports giving the instruction to the jury. *Id.* "A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Id.* In this step of the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Id.* In other words, the evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense." *Id. See also Rousseau v. State,* 885 S.W.2d 666 (Tex.Crim.App. 1993); *Royster v. State,* 622 S.W.2d 446 (Tex.Crim.App. 1981) (plurality opinion on reh'g) (holding adopted by majority of court in *Aguilar v. State,* 682 S.W.2d 556 (Tex.Crim.App. 1985).

A person commits robbery if, in the course of committing theft as defined in Penal Code Chapter 31 and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003). A person commits an assault by intentionally or knowingly threatening another with imminent bodily injury. Tex. Penal Code Ann. § 22.01(a)(2) (Vernon Supp. 2010).

5

The State does not directly dispute that the elements of misdemeanor assault are contained within the allegations of appellant's indictment for robbery. We agree with appellant that the first step of the required analysis is satisfied. *See Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App. 1998) (affirming finding of error in denial of request for instruction on misdemeanor assault as lesser-included offense of robbery); *Nottingham v. State*, No. 07-08-0131-CR, 2009 Tex. App. Lexis 649, at *2-*3 (Tex.App.--Amarillo January 30, 2009, no pet.) (mem. op.) (noting some courts have held simple assault may be lesser-included offense of robbery). But we agree with the State that appellant's argument fails to accomplish the second step, that is, fails to point to some evidence that, if appellant is guilty, he is guilty only of misdemeanor assault.

The evidence clearly showed appellant took merchandise from Dillard's. Appellant cannot point to any evidence rebutting the State's evidence he committed theft, nor does appellant argue any evidence rebuts a conclusion he committed his assaultive conduct in the course of his commission of theft. *Cf. Jones*, 984 S.W.2d at 257 (defendant's testimony denying theft negated theft element of robbery, if believed).

Instead, appellant contends the jury heard evidence that, if believed, would have negated the element of robbery requiring proof he assaulted the security officer with intent to obtain or maintain control of the clothes he took from Dillard's. Tex. Penal Code Ann. § 29.02(a) (Vernon 2003). The Court of Criminal Appeals has held that "a lesser included offense may be raised if evidence either affirmatively refutes or negates an element establishing the greater offense, or that evidence on the issue is subject to two different interpretations, and one of the interpretations negates or rebuts an element

of the greater." *Schweinle v. State,* 915 S.W.2d 17, 19 (Tex.Crim.App. 1996) (per curiam), citing *Saunders v. State,* 840 S.W.2d 390 (Tex.Crim.App. 1992).

The evidence appellant sees as potentially negating or rebutting his intent to obtain or maintain control of Dillard's clothes is the testimony that the security officer initiated the physical contact between them when he pulled appellant from the vehicle and then when he took appellant to the ground in the parking lot, and testimony that appellant exhibited anger at the security officer. One witness testified that after appellant was arrested, "[h]e was wanting [the security officer] to take off the handcuffs so that he can go toe-to-toe with him."[3] The security officer similarly testified that appellant said if it had not been for the wet and drizzly conditions, "he would have kicked my ass." Appellant argues such testimony is subject to the interpretation that appellant swung his fist as a response to the security officer's aggressive physical contacts and not with the intent to obtain or maintain control of the clothes. Thus, he argues, the jury could have found his assault of the officer was unrelated to the theft.

We disagree that the evidence appellant cites, even if interpreted in the manner appellant suggests, negated or rebutted his intent related to the theft. *See Schweinle,* 915 S.W.2d at 19 (referring to evidence subject to two different interpretations, and "one of the interpretations negates or rebuts an element of the greater" offense). An intent to respond in anger to the security officer's physical contact is not inconsistent with an intent to obtain or maintain control of the stolen clothes. Said another way, the jury's conclusion that appellant assaulted the officer out of anger over his physical contact

_____

[3] The same witness agreed that appellant "appeared to be pretty upset with" the security officer who apprehended him.

7

would not have precluded their conclusion, necessary to a guilty verdict for robbery, that appellant also acted with the intent to obtain or maintain control of the clothes. Appellant's suggested interpretation does not negate or rebut an element of the greater offense. *See Saunders*, 840 S.W.2d at 392 (jury's conclusion which culpable mental state defendant possessed would determine guilt of greater or lesser offense; lesser-included-offense instruction required); *In re A.E.B.,* 255 S.W.3d 338, 347 (Tex.App.–Dallas 2008, no pet.) (jury's conclusion which of two possible items defendant had in his hand when he assaulted victim would determine his possible guilt of sexual assault; instruction required). Accordingly, the evidence appellant cites does not constitute evidence that if he is guilty, he is guilty only of assault. We overrule his first issue.

*State's Argument in Closing*

In appellant's second issue, he argues the trial court erred by overruling his objections to the State's closing arguments. The law provides for and presumes a fair trial free from improper jury argument. *Long v. State*, 823 S.W.2d 259, 267 (Tex.Crim.App.1991). Proper jury argument falls into four categories: 1) summation of evidence presented at trial, 2) reasonable deductions drawn from evidence presented at trial, 3) answers to opposing counsel's argument, or 4) pleas for law enforcement. *Lagrone v. State,* 942 S.W.2d 602, 619 (Tex.Crim.App.1997). To constitute reversible error, the argument must be extreme or manifestly improper, violative of a mandatory statute, or have injected new facts, harmful to the accused, into the trial proceedings. *Id.* at 59. The argument must be considered within the context in which it appears.

*Gaddis v. State,* 753 S.W.2d 396, 398 (Tex.Crim.App. 1988). Proper argument may refer to the law as stated in the court's charge. *See Helleson v. State*, 5 S.W.3d 393, 397 (Tex.App.-Fort Worth 1999, pet. ref'd) (finding such argument proper).

Appellant's issue focuses on two statements made by the prosecutor during his closing argument. The first included, "[a]nd that's all robbery is, it's a theft with an assault." Appellant objected, stating "[t]hat's a misstatement of the law. It's not just a theft in an assault, Your Honor." The court overruled appellant's objection. In the second statement, the prosecutor said, "[t]wo things, intent–and remember, it's intent to place someone in fear of bodily injury. All we have to show is in the course of committing theft, and you can read that in the charge." Appellant objected, "Your Honor, again I'm going to object. He's misstating the law. He's totally forgetting the element of intent to obtain and maintain control of property, Your Honor. He's totally–they want to ignore that, Your Honor." The court again overruled appellant's objection.

Considering the prosecutor's statements in context, we find the court did not err by overruling appellant's objections. A trial court possesses broad discretion in controlling the scope of closing argument. *Lemos v. State,* 130 S.W.3d 888, 892 (Tex.App.--El Paso 2004, no pet.); *see Herring v. New York,* 422 U.S. 853, 862-63, 95 S.Ct. 2550, 2555-56, 45 L.Ed.2d 593 (1975). If, in the objected-to statements the prosecutor was purporting to recite all the elements the jury must find to convict appellant, his objections might have been well taken. But we find the court reasonably could have considered the statements merely to be referring to individual elements of

the offense, and summarizing the evidence concerning them. The prosecutor's "all we have to show" statement refers explicitly only to the element requiring that the assault must have occurred in the course of committing theft. We see no reversible error in the trial court's rulings, and overrule appellant's second issue. Having overruled both appellate issues, we affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.